### No. XXVIII.

#### SIMMS AND SIMMS v. PRICE.

*Appeal from Red River County.*

MORRIS, JUSTICE.—James W. and Sam W. Simms allege indebtedness on the part of one Price to them, in an amount exceeding $100, for goods, wares and merchandise purchased and received by said Price from them, and also for money advanced for his (Price's) use and benefit. They allege that no part of this amount has been paid by them; but that a certain bank bill, which is appended to their petition, had been received by them from Price; which bill they now offer and had previously offered to return, averring the same to be counterfeit. Price, being duly served, appeared and filed his answer, denying the allegations in the petition. The cause was submitted to a jury, who rendered a verdict for the plaintiffs in the sum of $100, with interest; on which verdict a judgment was entered, and an appeal prayed by defendant.

---

Note 60.—Scott v. Maynard, p. 548.

[1] Act of January 18, 1840 (Gammel's Laws of Texas, vol. 2, p. 28), had no application to contracts made prior to its passage. Hodges v. Johnson, 15 T., 570. Before its passage, parol sales of land accompanied by possession were valid. Briscoe v. Bronaugh, 1 T., 326; Lynch v. Baxter, 4 T., 431; Monroe v. Searcy, 20 T., 348; Sullivan v. Dimmitt, 34 T., 114; Downs v. Porter, 54 T., 59; Barrett v. Spence (T. C. A.), U. R. C., 1902. Under decree of March 24, 1825 (Gammel's Laws of Texas, vol. 1, p. 125), and prior to decree of March 26, 1834 (Gammel's Laws of Texas, vol. 1, p. 357), sales of land and contracts to sell by colonists, before issuance of title, occupation and cultivation for six years, were void. After decree of March 26, 1834, and up to date of the Constitution of the Republic, they were void if made before issuance of title.

This cause is submitted to the court on the facts, a statement of which is embodied in the record. Without going into an examination of those facts, it is only necessary for us to say, that this court has repeatedly decided that they will not set aside the verdict of a jury unless the same be clearly and manifestly against the evidence adduced before them.

The testimony embodied in this record, although somewhat contradictory, still presents a case which it is peculiarly the province of the jury to investigate and determine, and we can see no reason to disturb their verdict. It is therefore considered by the court, that the judgment below be in all things affirmed.

*Affirmed.*

Judge Ochiltree says: "The weight of testimony presented to this court is strongly in favor of the fact that the bill sued for is genuine. With regard to the character of the witnesses we of course know nothing. If the witnesses were of equal character, the verdict of the jury was certainly against the weight of testimony. I therefore think that the judgment should have been reversed and the case remanded."